IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES BLASIC           :

   v.                  :  Civil Action No. DKC 19-1291

MARYLAND STATE DENTAL  :
ASSOCIATION            :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Labor Standards Act ("FLSA") case is the parties' joint motion for approval of settlement agreement and to dismiss. (ECF No. 21). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion will be granted.

**I.  Background**

The procedural and factual background of this case is recited in the court's memorandum opinion of March 4, 2020, (ECF No. 19), and will not be repeated here. Due to the parties' inclusion of a confidentiality agreement and failure to account for requested attorney's fees, the court in that opinion denied the parties' request for approval of their settlement agreement and to dismiss this case. (*Id.*) On March 17, 2020, the parties submitted a Second Joint Motion for Approval of Settlement Agreement and to Dismiss this Case with Prejudice. (ECF No. 21).

**II. Analysis**

    **A. Request to Approve Settlement**

Because Congress enacted the FLSA to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). First, the Secretary of Labor may supervise the payment of back wages to employees, who waive their rights to seek liquidated damages upon accepting the full amount of the wages owed. *See* 29 U.S.C. § 216(c). Under the second exception, a district court can approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to Section 216(b), provided that the settlement reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*. See, e.g., *Hoffman v. First Student, Inc.*, No. WDQ-06-

1882, 2010 WL 1176641, at *2 (D.Md. Mar. 23, 2010); *Lopez v. NTI, LLC*, 748 F.Supp.2d 471, 478 (D.Md. 2010). Pursuant to *Lynn's Food Stores*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food*, 679 F.2d at 1355. Thus, as a first step, the bona fides of the parties' dispute must be examined to determine if there are FLSA issues that are "actually in dispute." *Lane v. Ko-Me*, LLC, No. DKC-10-2261, 2011 WL 3880427, at *2 (D.Md. Aug.31, 2011) (citing *Dees v. Hydradry, Inc.*, 706 F.Supp.2d 1227, 1241-42 (M.D.Fla. 2010)). Then, as a second step, the terms of the proposed settlement agreement must be assessed for fairness and reasonableness, which requires weighing a number of factors, including: "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of [ ] counsel ...; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-cv-1310, 2009 WL 3094955, at *10 (E.D.Va. Sept.28, 2009) (collective action); *see also Poulin v. Gen. Dynamics Shared Res.*, Inc., No. 09-cv-00058, 2010 WL 1813497, at *1 n. 1 (W.D.Va. May 5,

2010) (applying the same factors to a settlement that involved only individual FLSA claims).

**B.  Bona Fide Dispute**

"In deciding whether a bona fide dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement."  *Amaya v. Young & Chang, Inc.*, Civil Case No. PWG-14-749, 2014 WL 3671569, at *2 (D.Md. July 22, 2014). The pleadings, along with the parties' joint submission regarding settlement, establish that a bona fide dispute exists as to Defendants' liability under the FLSA for overtime payments.

**C.  Fairness and Reasonableness**

Upon review of the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Settlement appears to be a fair and reasonable compromise of the parties' bona fide dispute as to the amount to be paid to Plaintiff.  There is no evidence that the proposed Settlement is the product of fraud or collusion. The Settlement Agreement is the product of negotiations between parties represented by counsel. (ECF No. 21-1 ¶ 10).  The amount of the settlement slightly exceeds the basic overtime wages sought by Plaintiff in his complaint, as well as $25,000 in liquidated damages and $3,000 in attorney's fees.

The provision of attorney's fees, however, was not originally supported in the record. The parties have since remedied this problem, providing a "detailed description of the time that undersigned counsel has incurred to reach settlement of this case[.]" (ECF No. 21-4, at 1). Where a proposed settlement of FLSA claims includes a provision regarding attorney's fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a 'conflict of interest taints the amount the wronged employee recovers under a settlement agreement.'" *Lane v. Ko-Me, LLC*, No. 10-cv-2261-DKC, 2011 WL 3880427, at *3 (Aug. 31, 2011) (citation omitted). "In assessing the reasonableness of the fee, courts typically refer to the principles of the traditional lodestar method as a guide, even when the attorneys [*sic*] fees are based on a contingency fee." *Hackett v. ADF Restaurant Invs.*, 259 F.Supp.3d 360, 367 (D. Md. 2016) (internal citations omitted). Plaintiff has provided ample supplementary information to support the conclusion that $3,000 is a reasonable amount: the itemized list of hours billed demonstrates that Plaintiff's attorneys billed 12.1 hours at a rate of $400 per hour for a total of $4,840. (ECF No. 21-4, at 2). Plaintiff nonetheless requests only $3,000 in fees, which the court finds to be reasonable.

### D. Confidentiality Clause

The Settlement Agreement includes a confidentiality clause regarding the terms of the agreement. (ECF No. 21-3 ¶ 5). "A confidentiality clause in an FLSA settlement agreement is 'not permitted without compelling reasons' to justify the confidentiality." *Amaya v. Young & Change, Inc.*, No. PWG-14-749, 2014 WL 3671569 at *4 n.3 (D. Md. July 22, 2014) (quoting *Salamone v. Balt. Diamond Exch., Inc.*, No. JKB-14-1507, 2014 WL 2930788, at *1 (D. Md. June 27, 2014)). Furthermore, in *Carpenter v. Colonial Mgmt. Grp., LP*, No. JKB-12-686, 2012 WL 2992490, at *2 (D. Md. July 19, 2012), the court declined to approve FLSA settlement agreement because it contained a confidentiality provision "without any argument to support its inclusion." Confidentiality clauses "both contravene . . . the legislative purpose of the FLSA and undermine . . . the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Poulin v. General Dynamics Shared Resources, Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *2 (W.D. Va. May 5, 2010) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp 2d. 1227, 1242 (M.D. Fla. 2010)). In the second joint motion, "[t]he Parties accept the Court's determination and are willing to sever the confidentiality provision in accordance with the severability provision within the Agreement." (ECF No. 21-1 ¶ 14). Given the lack of any compelling reason to find otherwise,

the court reaffirms its holding in its original memorandum opinion that the confidentiality clause is unenforceable.

**III. Conclusion**

For the foregoing reasons, the joint motion to approve settlement agreement and to dismiss will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
